IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **WHITNEY NATIONAL BANK** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:05CV263LG-RHW** |
| | § | |
| **HAROLD DEWAYNE WILLIAMS** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER DISMISSING
COMPLAINT FOR FAILURE TO PROSECUTE**

BEFORE THE COURT is Plaintiff's Complaint filed May 26, 2005. After consideration of Plaintiff's Complaint, the pleadings on file and the relevant legal authority, it is the opinion of the Court that Plaintiff's Complaint should be dismissed pursuant to FED. R. CIV. P. 41(b).

**FACTS AND PROCEDURAL HISTORY**

The instant complaint was filed on May 26, 2005. The case was assigned to the pending track by the Clerk of Court. Summons was issued on May 27, 2005. On January 10, 2006, the Court entered an order directing Plaintiff to serve the Defendant in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff failed to respond to this order. In addition, this order warned Plaintiff that if "the Court does not extend the time for service based upon a showing of good cause, this case will be dismissed." To date, Plaintiff has failed to contact the Court with reason for his failure to comply with the Court's Order.

**DISCUSSION**

FED. R. CIV. P. 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of any action." The Court may also "dismiss an action sua sponte under Rule 41(b) for failure to comply with a court order." *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996), *citing McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).

In *Rogers v. Kroger Co.,* 669 F.2d 317 (5th Cir.1982) the Fifth Circuit surveyed the principles controlling rule 41(b) dismissals with prejudice and stated, "A clear record of delay coupled with tried or futile lesser sanctions will justify a Rule 41(b) dismissal." *Id*. at 322. *Rogers* also listed three "aggravating elements" that usually accompany the two primary reasons for which the rule 41(b) power is invoked. These three elements are "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 320.

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link, supra*, 370 U.S. at 630.

Plaintiff has failed to comply with the Court's orders and has otherwise failed to prosecute this case. Therefore, dismissal pursuant to FED. R. CIV. P. 41(b) is appropriate.

## CONCLUSION

It is patently obvious that Plaintiff has failed to comply with the Court's order and has failed to prosecute this case. Accordingly,

**IT IS ORDERED AND ADJUDGED** that Plaintiff's Complaint is **DISMISSED** pursuant to FED. R. CIV. P. 41(b).

**SO ORDERED AND ADJUDGED** this the 13th day of March, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE